UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL CUESTA,

      Petitioner,

v.                        Case No.:  2:26-cv-01091-SPC-DNF

U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,

      Respondent,

_____/

## OPINION AND ORDER

Before the Court are petitioner Miguel Cuesta's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).  For the below reasons, the Court grants the petition.

Cuesta is a native of Cuba who was paroled into the United States on August 1, 1980.  On February 10, 2003, he was convicted of burglary, escape, and theft, and an immigration judge ordered Cuesta removed to Cuba in May 2003.  Immigration and Customs Enforcement issued an order of supervision on March 23, 2011, and Cuesta has complied with its terms.  On November 1, 2025, he reported to ICE for a check-in appointment, and ICE arrested him.  Cuesta was detained at Alligator Alcatraz, but he is currently at the Central Louisiana ICE Processing Center.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  *Singh v. U.S. Attorney*

*Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).

The government must detain the noncitizen during the 90-day removal period,

which begins when the removal order becomes administratively final. *Id.*

Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not

reasonably foreseeable, the court should hold continued detention

unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01

(2001). If removal is not practically attainable, detention no longer serves its

statutory purpose of "assuring the alien's presence at the moment of removal."

*Id.* at 699. The Court found it unlikely Congress "believed that all reasonably

foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for

the sake of uniform administration in the federal courts," it established a

"presumptively reasonable period of detention" of six months—the 90-day

removal period plus an additional 90 days. *Id.* Courts use a burden-shifting

framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe
> that there is no significant likelihood of removal in the reasonably
> foreseeable future, the Government must respond with evidence
> sufficient to rebut the showing.

*Id.*

The government argues Cuesta's petition is premature because his

current detention has not exceeded 180 days. They assume a six-month

presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Cuesta has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE was unable to remove him to Cuba in 2003, and there is no indication Cuba is likely to accept him now.

The burden thus shifts to the government. In a declaration attached to the response, a deportation officer claims ICE intends to removal Cuesta "once the temporary restraining order is lifted." (Doc. 8-4 at 2). The Court is not aware of a temporary restraining order preventing removal. Nevertheless, it appears ICE intends to make an informal effort to compel voluntary departure, not an above-board removal attempt that complies with statutory and

constitutional requirements. *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, --- F. Supp. 3d ---, 2026 WL 521557 (D. Mass. Feb. 25, 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture). ICE makes no attempt to show it can lawfully remove Cuesta in the reasonably foreseeable future.

The Court finds no significant likelihood Cuesta will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Cuesta to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Miguel Cuesta Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Cuesta within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 27, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record